# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ZACKARY KELLEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>CALUMET MONTANA REFINING, LLC,<br><br>    Defendants. | **CV-18-63-GF-BMM**<br><br><br>**ORDER** |

Defendant Calumet Montana Refining, LLC, ("Calumet") filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 14). Plaintiff Zackary Kelley ("Plaintiff") opposes this motion to the extent that this case should be dismissed without prejudice to allow Plaintiff to refile his case in the Montana State District Court pursuant to Montana's "saving statute," 27-2-407, MCA. (Doc. 16 at 1-2).

Plaintiff suffered personal injuries from an incident at defendant Calumet's refinery on May 4, 2015. (Doc. 1 ¶ 8). Plaintiff is a resident and citizen of Texas. (Doc. 1 ¶ 1). Plaintiff timely filed his complaint in federal court claiming diversity jurisdiction. (Doc. 1). Diversity jurisdiction apparently existed because the amount in controversy exceeds $75,000 and Calumet is a citizen of Delaware with its principal place of business in Indiana. (Doc. 1 ¶ 2).

1

Calumet then filed a Corporate Disclosure Statement. (Doc. 10). The Disclosure Statement listed Calumet Specialty Products Partners, LP ("Calumet Specialty Products") as an owner of Calumet. (Doc. 10). Calumet Specialty Products is a publicly traded Limited Partnership that includes unit holders—a total of 53,109 individuals and private companies—throughout the United States. (Doc. 10). One of these unit holders is domiciled in Texas. (Doc. 10).

The federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds…$75,000…and is between…[c]itizens of different States." 28 U.S.C. § 1332(a)(1). In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). An unincorporated association such as a partnership has the citizenships of all its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196, (1990).

Limited Liability Corporations ("LLC") resemble both partnerships and corporations; therefore, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2009) (joining "sister circuits" by holding LLC's should be treated like partnerships in matters of diversity).

Calumet is an LLC with an ownership structure that prevents complete diversity because Plaintiff and Calumet are both citizens of Texas.  Here, Calumet Specialty Products is an owning member of defendant Calumet.  Calumet Specialty Products is a publicly traded Limited Partnership having thousands of members.  Calumet Specialty Products has a member residing in Texas and is therefore itself a citizen of Texas.  Because Calumet Specialty Products is a citizen of Texas, and Calumet Specialty Products is an owner of defendant Calumet, Calumet is also a citizen of Texas.

The caselaw governing an LLC's domicile and citizenship is extremely favorable to the corporate structure, which seems to nurture a way for LLC's to escape the federal courts via diversity conflicts.  Neither Congress nor the Supreme Court have ruled on the issues arising from an LLC's citizenship.  Many Circuit courts, however, choose to mirror the law governing a partnership's citizenship.  Here, diversity is broken simply because Calumet is an LLC owned by a Limited Partnership company with 53,109 domiciles, and one happens to reside in the same state as Plaintiff.

**ORDER**

Accordingly, IT IS ORDERED that Defendant Calumet's motion to dismiss (Doc. 14) is GRANTED without prejudice.

DATED this 27th day of September, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge